## SUCCESSION OF JOHN WILSON.—HEIRS OF GARDNER AND G. BURKE & CO., Opponents.

Article 2156 of the Code requires that in conventional subrogations an actual subrogation *should be expressed and made at the same time as the payment.* It cannot be made in anticipation of the payment, for the payment is the essential basis of the subrogation.

Nor can a subrogation be validly made *after* the payment.

APPEAL from the District Court, Fourth District, Parish of Ascension, *Watterson*, J., presiding. *Illsley*, for opponents and appellants. *C. A. Johnson*, for administrator.

BUCHANAN, J. We are of opinion there is no subrogation to *Lalande's* judgment and mortgage in favor of *Sheafe*, as against *Gardner's* heirs.

*Wilson* purchased of *Gardner* a tract of land on which *Lalande* had a mortgage resulting from the registry of a judgment against *Gardner*.

In part payment of the price, *Wilson* undertook to discharge *Lalande's* mortgage, and for that purpose furnished a draft, in favor of *Lalande*, on *Sheafe*, at

ninety days' date, (due 3d April, 1848,) which draft was received by the vendor as cash.

*Sheafe* paid the draft at maturity; but before paying it, called on the payee and holder, *Lalande*, to know whether, as a condition of the payment, *Lalande* would transfer to him (*Sheafe*) his judgment against *Gardner*, being the same judgment, the registry of which created the mortgage which the draft was given to satisfy.

A month after the maturity and payment of the draft, a written transfer and subrogation was made by *Lalande* to *Sheafe*.

Some stress seems to be laid upon the assumed fact that an agreement for a subrogation was made by the parties previous to the payment. But we regard that as immaterial. The Code requires (Article 2156) that an actual subrogation should be *expressed and made at the same time as the payment.* It cannot be made in anticipation of the payment, for the payment is the essential basis of the subrogation. The same obligation cannot exist in favor of two distinct parties, each to the exclusion of the other, at the same time. Neither can a subrogation be validly made *after* the payment. Toullier says (vol. 7, No. 116): "Dès l'instant où le paiement est fait, le créancier est sans pouvoir pour transmettre ou céder des droits qu'il n'a plus. Le moindre intervalle entre le paiement et la subrogation la rend nulle et sans effet; car il ne peut plus céder des droits qui n'existent plus."

If we look at *Lalande's* deposition we find that he says: "Before paying it *Sheafe* called on me to know whether, as a condition of the payment by him, I would transfer to him the judgment above mentioned." This appears to be substantially all the evidence of the assumed previous agreement; and we do not regard it as evidence of an agreement to subrogate to a mortgage against the property sold by *Gardner* to *Wilson*. It is in terms an agreement to transfer a judgment. Now the Article 2156 not only requires that the subrogation should be made at the time of payment, but that it should be *expressed*, not inferred from an agreement to transfer or deliver the credit or title in satisfaction of which the payment is made. Compare these expressions with those proved in *Harrison* v. *Bisland*, 5 Rob., and we think the doctrine of that case will be conclusive of this. The agreement in terms to transfer the mortgage has a later date than the payment.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the opposition of *Mrs. Gardner*, tutrix of her minor children, and administratrix, and of *Glendy Burke & Co.*, be maintained; and that the account of administration of the estate of *John N. Wilson* be amended by placing thereon the said opponents, with privilege of vendor, and first mortgage upon the proceeds of sale of the Manchac land, the costs of the opposition and of the appeal to be borne by the appellee.