### No. 8684.

### Orleans Appeal.

## UNITED STATES FIDELITY & GUARANTY CO. v. J. D. O'KEEFE, RECEIVER, NEW ORLEANS RAILWAY & LIGHT CO.

(October 20, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Action, Par. 12; Subrogation, Par. 19.**

A Surety Company which pays a policyholder his loss and obtains a conventional subrogation of his claim against a street railway company for injuries to his automobile can maintain an action as subrogee against such street railway whether it was legally liable to its policyholder or not.

**(Civil Code, Art. 3052—Editor's Note.)**

Appeal from Civil District Court, Hon. Wynne G. Rogers, Judge.

This is a suit by plaintiff as subrogee of the owner of an automobile for damages as the result of a collision.

Judgment in favor of defendant.

Plaintiff appealed.

Judgment reversed.

J. Zach Spearing, E. R. Mabry, attorneys for plaintiff and appellant.

Dart, Kernan & Dart, attorneys for defendant and appellee.

WESTERFIELD, J. Plaintiff sues the receiver of the New Orleans Railway Company and the National Surety Company *in solido* as subrogee of the owner of an automobile for damages sustained by said automobile as a result of a collision with a street car of the defendant railway company.

Both defendants disclaim liability. There was judgment below dismissing plaintiff's suit and it has appealed.

The liability of the defendant National Surety Company is alleged to be based upon a certain bond given for the protection of parties injured in either person or property. This bond was not introduced in evidence in the lower court and in consequence is not before us. There is nothing before the court upon which a judgment could be based against the National Surety Company, consequently the judgment in their favor dismissing plaintiff's suit must be affirmed.

The defendant has filed an exception of no cause or right of action based upon the argument that the plaintiff subrogee cannot recover because it paid the defendant a claim for which it was not liable under the terms of the contract. Whatever effect such defense may be entitled to if addressed to a legal sugrogation it is without merit where the subrogation is conventional as in this case.

On the merits the evidence preponderates in plaintiff's favor. The injured automobile, according to the testimony of two witnesses, was struck in the rear while at a standstill on the bridge which spans the New Basin Canal. The accident seems to have been caused by the failure of the motorman to control his car, for the motorman himself testifies that his brakes were slippery; moreover, the tracks leading to the bridge are slightly upgrade and this circumstance would lend itself to the control of the street car if under proper restraint. The traffic on this bridge is heavy and particularly so at 9 a. m., the time of the accident, a situation calling for unusual care on the motorman's part.

For the reasons assigned the judgment appeal from is reversed and it is now ordered that there be judgment in favor of the United States Fidelity and Guaranty Co., plaintiff herein, and against J. D. O'Keefe, Receiver of the New Orleans Railway and Light Company, defendant, in the sum of $115.30, with legal interest from judicial demand and all costs.