[Civ. No. 5966. First Appellate District, Division Two.—November 14, 1927.]

JOSEPHINE C. PIGG, Respondent, v. INTERNATIONAL INDEMNITY CO. (a Corporation), Appellant.

W. I. Gilbert and Lasher B. Gallagher for Appellant.

E. B. Drake for Respondent.

KOFORD, P. J.—The deceased, William R. Pigg, was injured by a motor vehicle driven by T. Kunitake. The latter was insured against liability by the defendant and appellant. William R. Pigg recovered judgment against

Kunitake for his injuries, and, the judgment remaining unpaid after death of said Pigg, his executrix brought this action against the appellant under one of the provisions of the liability insurance policy sold to Kunitake. This provision was made in pursuance of an act of the legislature. (Stats. 1919, chap. 367, p. 776.) ▮ This statute requires such a liability policy to state that insolvency of the insured shall not release the insurance carrier, and to state that "in case judgment shall be secured against the insured . . . then an action may be brought against the company. . . . " In *Marple* v. *American Automobile Ins. Co.*, 82 Cal. App. 137 [255 Pac. 260], we held that insolvency of the insured was not a condition to such action against the company, but that it was only necessary to obtain a judgment against the insured. In view of this authority it is unnecessary for us to consider the appellant's claim that the evidence did not support the trial court's finding of the insolvency of the insured based upon the return of an execution *nulla bona.*

▮ The statute requires said policy to state "in case judgment shall be secured against the insured . . . an action may be brought. . . . " The policy here used the expression "in case judgment shall be secured against *such insolvent*" instead of against *the insured.* Whatever uncertainty this gives rise to must be resolved in favor of the statutory requirement because: First, another provision of the policy (sec. 14) expressly incorporates into the policy any specific statutory provision at variance with any condition to the policy; and, second, the statutory provision is a part of the policy. (*Malmgren* v. *Southwestern Automobile Ins. Co.*, 201 Cal. 29 [225 Pac. 512].)

Appellant also contends that, conceding an action might have been maintained by the injured person himself against the company upon the judgment, the language of the statute and policy upon this subject is such that an action could not be brought by his executrix—that this cause of action given by the policy and the statute is confined to those specifically named therein. The statute requires a provision "stating that in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought

against the company, on the policy and subject to its terms and conditions, by such injured person, his heirs or personal representatives, as the case may be, to recover on said judgment." Appellant's argument seeks to confine this right of action to those directly injured, i. e., the one personally injured, or in case of his death (caused by the injury insured against) then by his heirs or representatives as in an action for wrongful death. ■ William Pigg's cause of action for personal injuries abated upon his death, but before his death he had obtained a judgment. At the time he obtained this judgment he also acquired, by the force of the statute and the policy, the right to bring an action against the insurance carrier. This right of action was an action upon a judgment—a contract, and not such a cause of action as abated upon his death. This cause of action was property. This property passed to his personal representative like any other property or final judgment. The right to sue the insurance carrier upon the judgment was an incident to the judgment and passed along with that judgment to his estate as an asset thereof.

■ Now this cause of action by the policy and the statute is said to be "subject to its (the policy's) terms and limitations." Appellant claimed and pleaded as a defense that the assured Kunitake violated section six of the policy. That section reads:

"Whenever required by the company, the insured shall aid in securing information and evidence and the attendance of witnesses, and shall co-operate with the company (except in a pecuniary way) in all matters which the company may deem necessary in the defense of any claim or suit or in the prosecution of any appeal."

The trial court, in finding number nine, found this defense to be untrue. Appellant claims this finding to be unsupported by the evidence. This defense was based upon the information that the assured had gone to Japan and was not available at the time of the trial. He made a statement of the accident, however, to the insurance company's attorneys, delivered to them the summons and complaint and verified the answer in the action. His statement included the statement that there were no witnesses. On March 24, 1921, the cause was set for trial for June 28, 1921. Appellant's attorneys made no effort to get in touch

with the assured (defendant) until June 24, 1921, at that time and subsequently they mailed letters and notices to him which he did not receive. On the date set for trial, June 28, 1921, defendant's counsel (counsel for appellant here) appeared in court. He did not move for a continuance, but stated that he wished to withdraw from the case. This request was apparently allowed without notice to the defendant. The cause was then continued and transferred to another department of the court for a later hearing as upon default. Plaintiff's counsel served notice on defendant by leaving notice with the county clerk of the withdrawal of his attorney and the resetting of the cause for trial. All the intendments of the evidence are in favor of the finding of fact made by the trial court against this defense. We may not say that under this evidence the court was not justified in concluding that the assured was not sufficiently advised by those whom the insurance carrier had employed to make his defense; that his going to Japan was in ignorance of any necessity for his remaining here until the trial, or in ignorance of the date set for the trial or due to failure of counsel to advise him that it was necessary to keep in touch with the attorneys.

Appellant claims the judgment appealed from could in no event under the terms of the policy exceed $5,000. The judgment against Kunitake was filed July 14, 1921, and was for $6,592.50 and $32.90 costs. The judgment in this action was filed December 18, 1924, and was for $6,229.20 and $23.70 costs. This does not exceed $5,000 of the original judgment plus $32.90 costs plus interest on $5,000 at seven per cent. We think this is the correct amount under the terms of the policy. The company agreed to indemnify the insured up to an amount not exceeding $10,000 for one accident "provided, however, that the company's liability shall in no event exceed $5,000 for damages for such injuries to any one person. *And will in addition,* 1. Defend (certain suits); 2. Pay (certain expenses)— (b) Pay all taxed costs; (c) Pay all interest accruing upon such part of such damages awarded by judgment as is not in excess of the company's limit of indemnity as above defined."

It is apparent from reading the foregoing excerpt from the policy that the company assumed a greater liability

than $5,000, for it is said that in addition to paying $5,000 for damages for injuries it would pay costs and also interest on so much of the judgment for damages as did not exceed $5,000.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 12, 1928.

All the Justices concurred.