DOYLE v. GERSON

(January 21, 1929. Opinion and Decree.)

J. C. Henriques, of New Orleans, attorney for plaintiff, appellee.

Harry G. McMahon, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This matter is submitted under an agreed statement of facts, reading as follows:

"It is hereby expressly stipulated and agreed by and between Frank T. Doyle, Subrogee of Robert E. Rougelot, through his attorney, J. C. Henriques, and Abraham Gerson, defendant herein, through his attorney, James J. Tracy, Jr., that for the purpose of the trial of this cause only the following facts shall be admitted by both plaintiff and defendant, and that this cause is submitted on these facts only:

"(a) That Abraham Gerson, the defendant herein, purchased the property described in plaintiff's petition from Mrs. Feliz Quinn, by act before Felix Dreyfous, on February 25, 1921, and that in said act of sale he assumed the City taxes on said property for the year 1921, and bound and obligated himself to pay the same;

"(b) That the said Abraham Gerson sold this property to Robert E. Rougelot on June 25, 1923, and warranted the title to same, as per act passed before Frank T. Doyle, on said date;

"(c) That at the time of the passage of said act of sale by Abraham Gerson to Robert E. Rougelot, the City taxes for the year 1921 on said property had not been paid and said property had been sold by the City of New Orleans for the delinquent taxes of the year 1921 to the La-Salle Realty Company of La., Ltd., which sale took place in June, 1922;

"(d) That the LaSalle Realty Company of La., Ltd., advised the said Rougelot of its intention to bring procedings to quiet the title to said property, and that the said Rougelot referred the matter to plaintiff herein, his attorney;

"(e) That plaintiff herein, for and on account of the said Rougelot, paid on December 28, 1927, the sum of One Hundred and Seventy-Two and 63/100 ($172.63) in order to redeem said property and to quiet the title hereto, in consideration of which payment the said Rougelot on February 15, 1928, subrogated plaintiff to all of his rights and actions against the said Gerson."

Defendant contends that, as the document transferring to Doyle the right that Rougelot had against Gerson was not executed at the time of payment by Doyle, it can have no effect. He contends that this results from the operation of para-

graph 1 of article 2160 of the Civil Code, which reads as follows:

"When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges and mortgages against the debtor; this subrogation must be expressed and made at the same time as the payment."

If the payment by Doyle to 'Rougelot constituted payment of the obligation due by Gerson and therefore terminated that obligation, no subsequent act of Rougelot could bring that obligation back into existence.

Defendant's error in this regard, however, arises from his misconception of the effect of Doyle's payment on his obligation. If that payment had the effect contended for, then, of course, the obligation of Gerson was terminated instanter and could not later be revived. But it appears to us that what Doyle paid was not Gerson's obligation, but his own. He was liable to Rougelot for his error, and, recognizing this obligation, made Rougelot whole by paying the sum required to perfect the title. The reason for the requirement that the subrogation must be executed contemporaneously with payment does not exist except where the effect of the payment is to extinguish the obligation. As our Supreme Court said in Succession of Wilson, 11 La. Ann. 294:

"Nor can it be made after payment, which extinguishes the obligation * * *."

Gerson's obligation was not extinguished by Doyle's payment. It remained just as binding on him as · it always had been. Had Rougelot elected to proceed against him, surely he could not have set up as a defense the payment by Doyle. How, then, can he do the same thing now? Since Gerson's obligation was in no way affected by the transaction between Doyle

and Rougelot, we see no reason why Rougelot could not, subsequent to Doyle's payment, transfer to Doyle the right to proceed against Gerson.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.