JOSEPH ROTH AND MINNIE ROTH, RESPONDENTS, v. GENERAL CASUALTY AND SURETY COMPANY, A CORPORATION, APPELLANT.

Submitted October 26, 1928—Decided May 20, 1929.

For the appellant, *Riker & Riker* (*Irving Riker,* of counsel —*Alvin C. Cass,* of the New York Bar on the brief).

For the respondents, *Abe J. David* and *Stamler & Koestler* (*Samuel Koestler,* of counsel).

The opinion of the court was delivered by

WHITE, J. The cases were tried together before Judge Daly, and counsel having agreed in open court that no questions of fact for a determination by the jury were involved, a verdict was directed in favor of the plaintiff, Minnie Roth, against the defendant surety company for the full amount, $10,000, of the casualty policy under which the suit was brought, together with costs and certain interest as hereinafter noted, and against the plaintiff Joseph Roth under the

alternative claim in his behalf set up in the pleadings. One of the appeals here involved is by the defendant casualty company from the judgment in favor of Minnie Roth and the other appeal is by the plaintiff Joseph Roth from the decision on his alternative claim in the event of the appeal from the Minnie Roth judgment resulting in a total or partial reversal.

Briefly the facts were as follows: Joseph Roth, who owned an automobile upon which he carried liability insurance with the defendant company under a policy having a total liabilty limit of $10,000, had an automoble accident wherein two persons (Edward and Jacob Mandel), were killed. Suits were brought against Roth and were defended by the casualty company under the provisions of its policy to that effect, and resulted in verdicts against Roth totalling $55,000. The casualty company obtained a rule to show cause, but without obtaining a stay of execution, and without filing any bond to bring about such stay. Executions were issued and levies were made upon Roth's property, but before this was accomplished Roth went into bankruptcy and the levies were not followed up. The rules to show cause were dismissed insofar as the defendant's liability was concerned, but a new trial was granted as to the question of damages only. As a result of such new trial, judgments were finally entered against Roth aggregating the sum of $23,666.67. The casualty company appealed these judgments challenging the constitutionality of the action of the court in granting a new trial as to damages only. This contention was decided against the casualty company by this court. *Mendel* v. *Roth*, 99 *N. J. L.* 286.

After the second verdicts, but before the determination of the last mentioned appeal therefrom, Minnie Roth, who is the wife of Joseph Roth, purchased the judgments against her husband amounting to $23,666.67 as aforesaid, for the sum of $14,500, and took assignments thereof, and then, after the decision of this court affirming the judgments, and after issuing executions against the defendant therein (her husband) which were returned unsatisfied, the suits here involved were brought by her as the holder of such judgments against the casualty company, under the clause in the policy which pro-

vides: "In the event that an execution on a judgment against the assured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the company to the same extent that the assured could have had had he paid the judgment."

The defendant casualty company claimed that this clause is for the exclusive benefit of the judgment creditor, but the learned trial judge held—"That such judgments as these may be assigned by the parties obtaining them the same as any other ordinary judgment can be assigned and that the assignment from the plaintiffs in the accident cases to Mrs. Roth was a legal, effective assignment." We agree with this view and think that there passed with such judgments by virtue of such assignment all rights and remedies for collection which the assignor as the holder of such judgments possessed.

The defendant casualty company also claimed that the purchase by Mrs. Roth of the judgments in question was in fact a purchase by the defendant Roth himself, and, therefore, operated as a violation of the clause in the policy which provides: "The assured shall not voluntarily assume any liability nor incur any expense or settle any claim unless such settlement or expenditures are first authorized in writing by the company." The learned trial judge ruled upon this point as follows: "The judgments as they appear were legally purchased and legally bought by Mrs. Roth. There is evidence to the effect that her mortgages on her own individual real estate were given as collateral security. Be that as it may, she was and is the legal holder of these judgments. She obtained them by assignment from the plaintiffs in those cases." We also agree with this view. The most that could be claimed to the contrary would be that the evidence upon this point was sufficiently contradictory to raise a jury question, but, as before stated, counsel conceded in open court below that there was no question in the case to be left to the jury, and the learned trial judge was quite right therefore in accepting the legal situation established by the formal assignment of the judgments and the legal transfer of the title to them to Mrs. Roth established by such assignment.

But quite apart from this we are not at all sure that had it been otherwise and had the purchase of the judgments been made by or in behalf of Roth himself, the casualty company would be entitled, under the circumstances here involved, to avail itself of the protection of the interpretation claimed by it of the clause in question. The casualty company had the exclusive right to defend in behalf of Roth against the suits arising out of the accident covered by the policy, and it was its duty to so defend. This it did, as is conceded, up to the point where it procured a rule to show cause without also procuring a stay of execution. This omission on its part resulted disastrously to Roth, who found it necessary to go into bankruptcy in consequence. The judgments procured against him amounted to five and one-half times the indemnity limit secured to him under the casualty company's policy in his favor, and as to the excess he was without protection. The casualty company says there was nothing in the obligations of its policy which required it to put up a bond for five and one-half times the total obligations of its policy in order to secure a stay of execution. This may be true, but that is a very different question from the one of whether, having failed to put up such a bond, and thereby having failed to protect the assured while it proceeded with further litigation for its own benefit, the casualty company could deny the assured the right to take measures to escape the resulting disaster to him, except under penalty of forfeiting the protection, so far as it went, afforded him by the casualty company's policy. We rather incline to the view that it could not.

We have examined carefully the other points raised in appellant's brief and in its reply brief and find them without merit.

Turning now to the question of interest, the learned trial judge in directing a verdict in favor of Mrs. Roth against the casualty company, amounting to $14,898.21, allowed her interest on the amount, $14,500 paid by her for the assignment of the judgments, instead of upon the amount, $23,666.67, of the judgments so assigned. We think this was an erroneous view. The clause of the policy governing this point reads: "expense incurred by the company in defending the suit, in-

cluding court costs and all interest accruing after entry of judgment, will be borne by the company irrespective of the limit of the liability expressed in the policy." We think this language "all interest accruing after entry of judgment" clearly means interest upon the amount of the judgment. This error may properly be corrected, however, in this court, it being a mere question of calculation of interest and there being no jury question involved. *Bloom Co.* v. *Kuemmerle Corp.,* 104 *N. J. L.* 549, and cases cited. The judgment in this cause in favor of Minnie Roth and against the General Casualty and Surety Company for $14,898.21 is, therefore, hereby amended and entered for the sum of $17,846.61 in place of said sum of $14,898.21, said amended judgment being made up of the limit liability under the policy, $10,000, Supreme Court costs in the judgments against Roth, $234.05, and interest on $23,666.67 (being the aggregate of these judgments) from the date of their entry, February 2d, 1923, to the date of the entry of the judgment in this case, June 13th, 1928, $7,612.56, and judgment is hereby entered or directed to be entered accordingly.

With this modification the judgment in favor of Minnie Roth and against the General Casualty and Surety Company is affirmed, and the judgment of no cause of action against Joseph Roth is also affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.