[Civ. No. 10487. First Appellate District, Division One.—July 29, 1938.]

A. B. BIAS, Respondent, v. OHIO FARMERS INDEMNITY CO. (a Corporation), Appellant.

Leslie C. Gillen and P. R. McEnerney for Appellant.

Harry J. Bias and W. A. Deans for Respondent.

KNIGHT, J.—A judgment for damages in the sum of $1250 was obtained by Florence Wilson against Lee J. Miller on account of personal injuries received by her through the negligent operation of an automobile by Miller, and on appeal the judgment was affirmed. (*Wilson* v. *Miller,* 1 Cal. App. (2d) 514 [36 Pac. (2d) 843].) At the time of the accident Miller was insured under an indemnity policy which by virtue of the provisions of the statute (Stats. 1919, p. 776, now sec. 11580 of the Insurance Code) and under the terms of the policy inured to the benefit of any person negligently injured by the insured. Following the entry of the judgment in favor of Florence Wilson she assigned the same and all sums of money to be had or obtained by means thereof to A. B. Bias; and he brought the present action against the insurance carrier on said policy to recover the amount of said judgment. Four separate defenses were interposed by the answer, and as a result of the trial which was had before the court without a jury, judgment was entered in favor of the plaintiff, from which the insurance carrier prosecutes this appeal.

The appeal was taken on the judgment roll, and two main points are urged for reversal. Neither of them is related to any of the four defenses urged at the trial. They are in substance, first, that the right acquired by an injured party under the statute to sue on the indemnity policy is not assignable; and secondly, that in any event the purported assignment is legally insufficient to transfer to plaintiff any of the rights inuring to the injured party under the policy.

So far as the record shows, no demurrer was interposed to the complaint, nor were either of the points now urged by appellant for reversal made an issue before the trial court by way of answer. Assuming that said points may be raised for the first time on appeal, we find no merit therein.

It was definitely held by the Supreme Court in the case of *Malmgren* v. *Southwestern Automobile Ins. Co.*, 201 Cal. 29 [255 Pac. 512], and again in *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13], that the effect of the statute above referred to, under the authority of which the policy herein was issued, is to create a contractual relationship which inures to the benefit of any person who might be negligently injured by the insured, as completely as if such injured person had been specifically named in the policy. Furthermore, it has been definitely held in the case of *Pigg* v. *International Indemnity Co.*, 86 Cal. App. 671 [261 Pac. 486], that the right of action thus granted by the statute to the injured person to sue upon the indemnity policy ''is property'', and as such passes in case of his death along with the judgment to his estate as an asset thereof; and it is a fundamental principle of law that one of the chief incidents of ownership in property is the right to transfer it. Such right is specifically declared by several sections of the Civil Code. Among them are sections 1044, 1458, and 954, which respectively provide: ''Property of any kind may be transferred, except as otherwise provided by this article.'' ''A right arising out of an obligation is the property of the person to whom it is due, and may be transferred as such.'' ''A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner. . . . ''

Applying the foregoing legal principles to the facts of the present case, we have this situation: Upon the happening of the accident a contractual relation was created by the statute between Florence Wilson, as the injured party, and Miller's insurance carrier, which gave her a cause of action against the insurance carrier on the policy issued to Miller, upon securing the judgment against him; ''This cause of action was property'' (*Pigg* v. *International Indemnity Co., supra*), and therefore, as the owner of such property she doubtless had the legal right to assign and transfer the same to another.

In further support of the above conclusion may be cited the case of *Roth* v. *General Casualty & Surety Co.*, 106 N. J. L. 516 [146 Atl. 202]. There the question involved related to the construction of a clause in an indemnity policy which does not in effect differ substantially from the terms of our statute. The clause provided: ''In the event that an execution on a judgment against the assured be returned unsatisfied in an

action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the company to the same extent that the assured could have had had he paid the judgment.'' And in sustaining the right of the judgment creditors therein to assign their judgments and in upholding the right of their assignee to sue on the policy the court held that such a clause was not restricted to the exclusive benefit of the judgment creditor, and that an assignment by him of the judgment against the assured passes to his assignee all rights and remedies for collection possessed by the judgment creditor himself.

Appellant has cited cases from New York, claiming that they sustain its contention that the right to sue on the policy is not assignable. Evidently, however, as pointed out in *Bachman* v. *Independence Indemnity Co.*, 112 Cal. App. 465 [297 Pac. 110, 298 Pac. 57], there is some material difference between the New York and the California statutes permitting actions to be brought against the tort-feasor's insurance carrier. For that reason it cannot be said that the New York cases so relied on by appellant are here controlling.

The remaining points urged on this branch of the case are merely incidental to the main ones already discussed, and are likewise without merit. One of them is that the assignee acquired no rights under the assignment because it was made pending the appeal from the judgment. It is well settled, however, that an assignment of a judgment may be made at any time after its entry in the trial court; and since the present action on the policy was not commenced by the assignee until several months after the affirmance of the judgment on appeal, it was in no way affected by the appeal.

Nor in our opinion are the terms of the written assignment under which the present action is sought to be maintained legally insufficient to transfer to plaintiff the right to sue on the indemnity policy. It covers not only the assignment of the judgment ''and all sums of money that may be had or obtained by means of said judgment'', but in terms it appoints plaintiff as assignee and attorney to take ''all lawful ways and means for the recovery of the money due or to become due on said judgment.''

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 26, 1938.