This is an action in which plaintiff, an insurance corporation, as subrogee of its insured, seeks to recover, by direct action, against the insurer of the owner of a motor truck which was involved in an accident with plaintiff's subrogor's automobile.
Defendant filed exceptions of no cause or right of action and a plea of unconstitutionality. The latter plea was overruled but the exception was sustained and there was judgment dismissing plaintiff's suit, from which plaintiff has appealed.
Defendant's exception is predicated upon the specific provisions of Act No. 55 of 1930 with reference to the right to bring a direct action, which reads as follows:
"* * * Provided further that the injured person or his or herheirs, at their option, shall have a right of direct action against the insurer company * * *." (Emphasis by the Court.)
The argument of defendant is obvious; that the words of the act which are above emphasized limit the right of direct action to the extent particularly set forth, and, as a consequence, it follows that the statute does not extend the privilege to theassigns of the injured party.
The force and application of defendant's argument appears to us to be inescapable. Unquestionably Act No. 55 of 1930 is a special act in derogation of general law and it follows that it is stricti juris. Accordingly, the plain provisions of the act with respect to the granting of the right of direct action against an insurer cannot be extended by implication to include any class or group or individual which is not comprehended under the definition of "the injured party or his * * * heirs".
The argument interposed by plaintiff as against the contention of defendant is based generally upon the proposition that the happening of the accident created a contractual relationship between the injured party and the "wrongdoer's" liability insurer, which vested in the injured party a cause of action which must be considered as a property right. The conclusion based upon this premise is to the effect that the sale or assignment of such a property right is valid and enforceable under the laws of Louisiana.
In support of the above argument plaintiff cites certain cases from other jurisdictions, particularly Roth v. General Casualty Surety Co., 106 N.J.L. 516, 146 A. 202; Pigg v. International Indemnity Co., 86 Cal.App. 671, 261 P. 486; Bias v. Ohio Farmers' Indemnity Co., 28 Cal.App.2d 14,81 P.2d 1057, and Home Accident Insurance Co. v. Berges, 9 Cir.,30 F.2d 759.
Examination of the cited cases fails to disclose an analogy which would justify their acceptance as authority on the point here at issue. The actions were instituted after judgment. We perceive no relationship between the generally accepted proposition that a judgment is property and may be assigned and the asserted right of a subrogee to institute direct action under the provisions of Act No. 55 of 1930.
Conceding the force of plaintiff's argument that a right of action is property and therefore may be assigned, it does not follow that the right of assignment can be exercised in violation of the plainly restricted provision of the statute at issue.
It therefore follows that defendant's exception was properly sustained. *Page 567 
In view of our finding with respect to the exception, we deem it unnecessary to indulge in a discussion of the plea of unconstitutionality directed by defendant against Act No. 55 of 1930. Parenthetically, we observe that a similar plea has been disposed of by this court in Parker v. Home Indemnity Co. of New York, La. App., 41 So.2d 783. We have carefully noted the respectfully critical comments of distinguished counsel in the instant matter with respect to our holding in the Parker case, none of which, however, have served to convince us of error in our previous disposition of this point.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
TALIAFERRO, KENNON and HARDY, JJ., sitting.