KENNON, Judge.
This is an appeal from a judgment sustaining an exception of no cause or right of action filed by defendant, American Fidelity and Casualty Company, and sustaining a plea of prescription filed by this defendant and its insured, Southern Bus Lines, Inc.
The National Retailers Mutual Insurance Company is the only plaintiff in the original petition, and defendant American Fidelity and Casualty Company the sole defendant named therein.
In this original suit the plaintiff, alleging that it was a subrogee of its insured, J. D. Wasson, under a conventional sub-rogation covering an amount of $1,509.71, paid to Wasson for damage done to the insured Wasson vehicle in a collision with a vehicle owned by Southern Bus Lines, Inc., and insured by the defendant, American Fidelity and Casualty Company. The petition recited the details of the collision which, if accepted as true, justify the conclusion that the driver of the Southern Bus Lines vehicle was negligent.
The defendant, American Fidelity and Casualty Company, filed an exception of no right of action based upon the fact that the suit was brought by the plaintiff, sub-rogee of Wasson, as a direct action against the defendant, as insurer of the Southern Bus Lines, Inc., under Act No. 55 of 1930, as amended and that such act does not afford to a subrogee a direct right of action against an insurer.
Apparently realizing that this exception was good under the holding of this Court in the case of World Fire & Marine Insurance Co. v. American Automobile Insurance Co., La.App., 42 So.2d 565, plaintiff filed an amended and supplementary petition in which J. D. Wasson, owner of the damaged vehicle and subrogor of the first plaintiff, was added as a party plaintiff, and the Southern Bus Lines, Inc., owner of the vehicle insured by the original defendant, was made a party defendant.
The original petition was filed September 5, 1950, and covered an accident which happened on September 5, 1949. After the supplementary petition was filed on September 30, 1950, both defendants filed a plea of prescription in which it was set forth that more than one year had passed after the occurrence of the alleged accident and before the filing of the supplemental petition, in which J. D. Wasson sought to become a party plaintiff for the first time and Southern Bus Lines, Inc. was named as a party defendant for the first time.
Counsel for defendant in brief concedes that, under the authority of the above cited case, 42 So.2d 565, the original plaintiff, as a collision carrier subrogee, had no direct right of action against the insurer of the owner of the vehicle involved in an accident with the subrogor’s Vehicle. Consequently, we reaffirm our holding in that case without further discussion, and pass to a consideration of defendant’s contention that the filing of the original petition by the subrogee against the insurer, against whom that plaintiff had no right of action, nevertheless interrupted the running of the one year prescriptive period as to the valid cause of action, set forth in the supplemental petition in favor of the subrogee and against the defendant insured and his insurer.
Cited by plaintiff is the case of Ray v. Liberty Industrial Life Insurance Co., La.App., 180 So. 855, 856, in which the Court of Appeal of Orleans ruled that a plea of prescription would not be maintained against the plaintiff’s contention that the running of prescription was interrupted by an earlier suit “which fairly apprised the obligor of the existence of the claim, and that technical defects as to parties plaintiff or in citation did not alter the situation * * In the Ray suit, the first action on the Liberty Industrial policy was filed by the Strudwick Funeral Home, Inc., which claimed to be an as-signee of Octavia Ray, plaintiff in the second suit on the same policy. The first suit was dismissed for the reason that the Strudwick Funeral Home, plaintif? therein, had not secured a proper assign *844 ment from the insured, who was the party-plaintiff in the second suit. The Court of Appeal held that the suit by the would-be assignee was an interruption of prescription, and overruled defendant’s plea of prescription in the second suit in which the policyholder berself was the party plaintiff.
In the present suit, the subrogation signed by the insured, Wasson, was attached to the petition and made a part of same. This subrogation contains, in addition to an assignment and transfer of Wasson’s claim to his insurer, the.agreement by Was-son that “the Insurer may enforce the same in such manner as shall be necessary or appropriate for the use and benefit of the Insurer, either in its own name or in the name of the Insured * *
The inclusion of this subrogation with' the quoted language in the petition had the effect of giving the plaintiff a status not only of a conventional subrogee, but, in some measure at least, an additional status of agent or representative of the named assured. Under these circumstances, it would be fair to consider the filing of a supplemental petition naming Wasson as a party plaintiff was the curing of a “technical defect as to parties plaintiff” within the language of the court in the above cited case of Ray v. Liberty Industrial Life Insurance Co.
Other pertinent authorities are cited in the case of Davies v. Consolidated Underwriters, La.App., 14 So.2d 494, 497. We reaffirm the doctrine set out by Judge Drew in that opinion, and quote it below:
“Our courts have been increasingly liberal in application of the doctrine of prescription as a bar to action and a release from liability in connection with tort actions. The development of our jurisprudence has pointed to a disregard of the fatalities of minor technicalities in favor of a broad and liberal construction that would protect the fundamental rights of parties litigant rather than enforce fine distinctions and technicalities with reference to the method and manner of proceeding. The courts have recognized that justice is armed with the broad sword rather than the fencing foil, and thereby is enabled to cleave to the root of every case, undeterred by superficial interference rising from unimportant provisions. As was well said by Justice Higgins in the opinion in Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488, 491:
“ ‘This conclusion is not only in accord with the weight of authority, but consonant with construction of equity and the modem trend of liberality in upholding substantive rights instead of subtle technicalities.’
“The above case to which we refer is, of course, the outstanding authority in support of the principle of permitting amendments, and in that case the court laid down the principle that a petition which was sufficient to apprise the insurer of the nature of the demand made was sufficient to interrupt the applicable one-year prescription, even though the allegations of the cause of action against the insurer were defective.”
In view of the modern tendency to avoid technicalities, and to permit prospective parties litigant to have their day in court, and in line with the holding of the Ray case, supra, we have concluded that prescription on the Wasson claim, as set forth in the supplemental petition, was legally interrupted as against the original defendant by the filing of the first petition.
Plaintiff has cited no authority in which the court permitted the substitution of a party defendant or the addition of a new defendant by supplementary petition after the prescriptive period had run. The timely filing of the first petition against one defendant cannot be considered as “fairly apprising,” or even apprising at all, another defendant of the existence of the claim asserted against the named defendant. We therefore conclude that the plea of prescription on the part of Southern Bus Lines,. Inc. was properly sustained.
For the reasons assigned, the judgment is affirmed insofar as it sustains the plea of prescription filed on behalf of the Southern Bus Lines, Inc., and sustains the exception of no right of action to the claim of the National Retailers Mutual Insurance Company against the American Fidelity and *845 Casualty Company. Insofar as the judgment appealed from upholds the plea of prescription and exception of no cause or right of action on the suit of J. D. Wasson against the American Fidelity and Casualty Company, same is set aside and overruled and the case is remanded to the Twenty-Sixth Judicial District Court for further proceedings between these two parties in accordance with law. Costs of appeal to be paid by National Retailers Mutual Insurance Company; other costs to await the final outcome of the litigation.