MOISE, Justice.
The Home Insurance Company, as subrogee of its insured, Ivan Carline, seeks to recover from the Highway Insurance Underwriters damages in the sum of $3,-163.47, allegedly arising from a collision between a vehicle belonging to Ivan Carlin e, insured against collision loss by the Home Insurance Company, and a vehicle belonging to Byrnes Brothers Trucking Company, insured under a public liability policy of the defendant, Highway Insurance Underwriters.
The Highway Insurance Underwriters filed, to the supplemental petition of Home Insurance Company in which Carline was joined as plaintiff, exceptions of no right or cause of action, misjoinder of parties plaintiff, and also a plea of prescription.
The trial court sustained the plea of prescription against Carline. The exception of no right of action was also sustained, and plaintiffs’ suit was dismissed.
The Court of Appeal affirmed the judgment as to the dismissal of the suit with respect to Carline and, because of its lack of jurisdiction, transferred the appeal of the -Home . Insurance Company to this Court, there being only property damage and no personal injury involved.
On this appeal, the sole issue before us is the correctness of the judgment of the trial court sustaining the defendant’s exception of no right of action.
The trial court held that the subrogee, the Home Insurance Company, Carline’s insurer, has no right of action as sole plaintiff against the insurer of the tort feasor, as sole defendant, under the provisions of Act No. 55 of 1930, LSA-R.S. 22:655. The case of World Fire & Marine Insurance Company v. American Auto. Insurance Company, La.App., 42 So.2d 565, was authority for this holding, and in this Court defendant-appellee cites that case in support of its argument.
■ Plaintiff, the Home Insurance Company, alleges that it obtained from its insured, Ivan Carline, two conventional subrogations, duly executed in writing, totalling $3,163.47, copies of said subrogations being attached to and made a part of its petition. These subrogations are identical, except for amounts stated, and read in part as follows:
“ * * * in consideration of the sum of * * * ($1609.38 in one instance and $1554.09 in the other) * * * the undersigned hereby sells, assigns, transfers, sets over unto, and subrogates to the said Home Insurance Company all of his rights, title, interest, claims and causes of action, including any note or notes, mortgages, claims. • for debt, damages or negligence, to the amount above mentioned, had or held ' by the undersigned against any person, firm or corporation under, by virtue of. *545 or in any wise connected with the property described in said insurance policy above mentioned, the loss suffered to said property as the result of the peril above mentioned or the consideration above described paid to the undersigned.”
The Home Insurance Company predicated its right of action on the above quoted conventional subrogation — notarially executed. The trial court failed to consider this subrogation.
In its petition the plaintiff specifically sets forth the negligence of defendant’s insured, and in Article 7 it pleads the proximate cause of the accident. It then alleges that the vehicle involved in the accident was insured by the Highway Insurance Underwriters, and that under the terms of the policy, Byrnes Brothers Trucking Company was insured for loss and injury in the manner set forth. In Article 9 plaintiff insurance company alleges that as conventional subrogee of its insured, it made demand for payment on Byrnes Brothers Trucking Company and the Highway Insurance Underwriters.
The trial court sustained the exception of no right of action by virtue of Act No. 55 of 1930, as amended, LSA-R.S. 22:655.
Defendant contends that the right of action under the provisions of Act No. 55 of 1930, as amended, is limited to an insured, person or his heirs, and that plaintiff — not being in either category — has no right of action against it.
Before the enactment of our present remedial public liability legislation, policy provisions were to the effect that there must be a judgment against the tort feasor before bringing action against the insurer. The • following quotations from the jurisprudence exemplify the change:
In Hudson v. Georgia Casualty Co., D. C., 57 F.2d 757, 759, it was stated:
“ * * * Act No. 55 of 1930, permitting the party injured to sue the insurer of the one responsible therefor in a direct action, is merely remedial and does not affect any substantial right under the contract of insurance.”
In Rogers v. American Employers’ Ins. Co., D.C., 61 F.Supp. 142, 143, the court said:
“ * * * the Louisiana statute, as above pointed out, does not affect the obligation of the contract, but merely the order in which persons, parties to it (being clearly tripartite in its nature, since the very purpose was to provide for the payment or indemnification of the insured for any and all claims of every person lawfully ascertained against him), could sue upon it.
“ * * * The state of Louisiana attempted in the Act (55 of 1930) in question to protect its citizens against such difficulties and since it has been held to affect only procedure and not substantive rights, both by the courts of the State and by this court and the *547 Court of Appeals for this circuit, I am constrained to overrule the motion to dismiss.”
In Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., 18 La. App. 725, 138 So. 183, 188, it was stated:
“By the earlier act of 1918, in case of insolvency of the insured, the injured party was given the right to a direct action against the insurer, so that already, by the 1918 act, the insured was deprived of the right to shield itself behind an insolvent principal. As the situation stood at the time of the adoption of the act of 1930, an insurer had no technical defense left, and its obligation was contingent upon one thing only, the liability of the prin- • cipal. It is and was of no substantial importance to an' insurer that a suit must first be brought against its principal. It has and had no vested interest in the right to be sued only by its principal. Its obligation to pay in the event of damage caused by its principal cannot be said to be impaired by the fact that payment may be demanded directly by the injured party, instead of indirectly through the insured. * * * ”'
In Robbins v. Short, La.App., 165 So. 512, 514, the court declared:
“If 'the plaintiff here is permitted to avail herself of the provisions of Act •. No. 55 of 1930 and join the insurance company in the same suit with the insured and have her rights with respect to both adjudicated in the same action rather than by way.of the circuitous route of first suing the. insured and having her rights fixed and then suing the insurance company in the courts of this state, in what respect can it be said that the insurance company is deprived of any substantial right under the Missouri contract? The primary obligation of the insurance company could not be made more onerous by joining it in the same suit with the insured be'cause Act No. 55 of 1930 provides that nothing in the act shall prevent the insurer from urging all defenses against the plaintiff as it could urge if the action was brought against it by the insured himself, nor does the act in any way attempt to enlarge or change the contract of insurance between the insured and the insurer. This act is purely remedial and does not affect any substantial rights under the contract of insurance. Hudson v. Georgia Casualty Company, D.C., 57 F.2d 757. Nor does the act impair the obligation of contracts. Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Co., Inc., 18 La.App. 725, 138 So. 183; Ruiz v. Clancy, 182 La. 935, 162 So. 734.” .
See also Ruiz v. Clancy, 182 La. 935, 162 So. 734.
Act No. 253 of 1918 was remedial legislation and Section 1 reads as follows:
*549 “Be it enacted by the General Assembly of the State of Louisiana, That, after the passage of this act, it shall be illegal for any company to issue any policy against liability unless it contains a provision to the effect that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and, in case of such insolvency or bankruptcy, an action may be maintained within the terms and limits of the policy by the injured person or his or her heirs, against the insurer company.”
Act No. 55 of- 1930 amended Act 253 of 1918. It provided for direct action within the terms and limits of the policy by the injured person, his or her heirs, at their option, against the insurer company alone. It also provided that an action might he brought against the assured and the insurer company, jointly and in solido.
It is manifest that both of these acts treat of provided remedies and not of contractual obligations; they are not restrictions of rights of action but are remedial enlargements and remedies of procedure to better insure' recovery for an injured person, or a person suffering property damage. The Legislature evidently felt that our courts should not be made to become circumlocution officers winding and unwinding red tape, but felt that the nearest .point to a given object was a straight line — it enacted the provision of a direct action and with due care gave an interpretation of the provisions of Act No-55 of 1930, as amended, when it expressed, its intent as to the limitation of the scope of operation on the remedial act. The-proviso reads:
“It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract * * * provided the terms and conditions of such policy or contract are not in violation of the laws of this state.”
It must be observed that 'the procedural provision of the policy contract is payment of the loss from 30 to 60 days;, that the substantive law provision of a policy contract is the one of subrogation. Neither are “in violation of the laws of this state”, but, on the contrary, have been approved by constant' repetition by all policies written in- the State, because these provisions are embraced in the standard form of policies provided for by the sovereign itself.
In our LSA-Civil Code, subrogation is recognized as a' substantive law. The following Articles define and provide for the requirements- of a conventional subrogation:
“2159. Subrogation to the right of a creditor in favor of a third person who pays' him, is either conventional or legal.
*551 “2160. The subrogation is conventional :
“1. When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debt- or ; this subrogation must be expressed and made at the same time as the payment.”
Nowhere in Act No. 55 of 1930, as amended, do we find any suggestion that subrogation is prohibitive.
In the following cases the court has allowed a subrogee to recover: Metropolitan Casualty Ins. Co. of New York v. Bowdon, La.App., 164 So. 464; Universal Automobile Ins. Co. v. Manisalco, La.App., 148 So. 731; London Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771; Bias v. Ohio Farmers Indemnity Co., 28 Cal.App.2d 14, 81 P.2d 1057, 1059; Miller v. Newark Fire Ins. Co. of New Jersey, 12 La.App. 315, 125 So. 150; United States Fidelity & Guaranty Co. v. O’Keefe, Receiver, N. O. Ry. & Light Co., 1 La.App. 24; International Paper Co. v. Arkansas & Missouri Ry., La.App., 35 So. 769; Motors Ins. Corp. v. Employers’ Liability Assur. Corp. Ltd., La.App., 52 So.2d 311, infra; 50 Am. Jur., Sec. 110, page 752; Wojciuk v. U. S., D.C., 74 F.Supp. 914; Succession of Wilson, 11 La.Ann. 294; Camden Fire Ins. Ass’n v. Fontenot, La.App., 11 So.2d 99; and Cooper v. Jennings Ref. Co., 118 La. 181, 42 So. 766; and 25 Tulane Law Review, pg. 359. The foregoing cases are representative of various types of loss.
It is further to be noted that LSA-Revised Statutes 22:657 and 22:658 providing for the. payment of claims, declare that such claims shall be paid in either 30 or 60 days from the date upon which written notice and proof of claim are submitted. to the insuring company. There-fore, the Home Insurance Company was obligated to pay Carline’s claim within 60 days after the submission of the proper requirements. This payment was made. A conventional subrogation was entered into between the Home Insurance Company and Carline. This subrogation was executed in accordance with the articles of the Code, and the insured Carline carried out the provisions of the policy contract. Furthermore, there was a compliance with Act No. 55 of 1930, as amended, because the provisions of the policy contract were not in violation of the statute.
In the instant case, the judgment on the exception of no right of action is directly contrary to the legislative intent clearly made manifest in the statute; it wipes out the lawful provision of the policy contract as to the limited time for payment of the loss and does violence to the substantive law of subrogation, by denying to plaintiff the right to determine by whose fault the property damage was sustained. Both of these lawful provisions in the policy contract — -the time of payment of *553 loss — conventional subrogation- — -would become meaningless abstractions.
The case of World Fire & Marine Ins. Co. v. American Auto. Ins. Co., La. App., 42 So.2d 565, holds that Act No. 55 •of 1930, as amended, is stricti juris, and cannot be read in conjunction with the -articles of the Code on subrogation. The case of Motors Ins. Corp. v. Employers’ Liability Assur. Corp., La.App., 52 So.2d 311, 315, treats the statute and the codal articles as laws in pari materia. LSA-C.C. Art. 17. We agree with the clear and concise statement in the latter case:
“As to the World Fire & Marine Insurance Company case, supra, it doesn’t seem that the case touched at all upon-the rights of a subrogor. It will be noted that the Court in that case stated, conceding the force of plaintiff’s argument, that a right of action is property and therefore may be assigned, that it does not follow that the right of assignment can be exercised in violation of the plainly restricted provision of the statute at issue. It would appear to us that it was not a question of a right of action being property or assignment but one of whether the right of action granted to the injured person by Act No. 55 of 1930 could be subject to sale or subrogation. We are of the opinion that the answer is in the affirmative and that it does follow that all rights including the one in question of the conventional subrogation in this case could be exercised by the subrogee and it would not be in violation of the statute at issue, for the subrogee is not exercising the right by virtue of the statute because he is given no such right under the statute, but is exercising the right by virtue of the articles of the Civil Code and the established jurisprudence of this state which hold that he is substituted for the subrogor in all of the latter’s rights, actions and remedies.”
For the reasons assigned, the judgment of the district court sustaining the exception of no right of action and dismissing plaintiff’s suit is set aside and annulled and the case is remanded to the district court to be proceeded with according to law and consistent with the views herein expressed; costs of this appeal to be borne by defendant.
LE BLANC, J., dissents and files written reasons.