INTERNATIONAL RAILWAY COMPANY, Plaintiff, *v.* FRANK PICKARSKI and ELLA C. HEINZ, Defendants.

(Supreme Court, Erie Equity Term, February, 1921.)

**Judgments — joint tort feasors — when payment of judgment by attorney not a satisfaction — assignments — evidence.**

It is only when one of several joint tort feasor judgment debtors pays the judgment that it is satisfied as to all.

The mere fact that the attorney for one of the judgment debtors, without the knowledge of his client, pays the amount of the judgment to the judgment creditor and takes an assignment thereof to a third person, is no proof that the intention was to satisfy the judgment. Nor is the fact that the assignment was made for the purpose of collecting the judgment from the other joint judgment debtor proof that the payment was made in satisfaction of the judgment.

A stranger may purchase a judgment without notice to any party to it and thus acquire all the rights of the judgment creditor.

The authority of the attorney of an unsuccessful defendant ceases with the entry of judgment against him.

While the property of one of two joint tort feasor judgment debtors was under a levy made under an execution issued on the judgment, one who had been his attorney in the action, without the knowledge of either of the judgment debtors, voluntarily paid the judgment from his own money, took an assignment of the judgment to his stenographer, and after the execution had been withdrawn and the levy released, he issued a new execution on the judgment against the property of the other judgment debtor. *Held*, that such payment was not a satisfaction of the judgment.

In the absence of proof that the attorney acted for his former client or even sustained the relation to him of attorney at the time of making payment, the proof being that his former client made no request that the judgment be paid, there was no presumption that said attorney acted in the matter as attorney for his former client, and the complaint in an action by the other judgment debtor, to restrain the collection of the judgment, will be dismissed.

ACTION to restrain the collection of a judgment, etc.

Penney, Killeen & Nye, for plaintiff.

Loomis & Gibbs, for defendants.

BROWN, J. On June 10, 1919, judgment was entered in Erie county clerk's office in favor of Alexandra Majchrowska against plaintiff and defendant Pickarski as joint tort feasors for the recovery of damages incurred by Majchrowska through the joint negligence of the plaintiff and defendant Pickarski. Upon an execution issued on the judgment the sheriff of Erie county levied upon the property of the defendant Pickarski to satisfy the same. On July 29, 1919, while the property of the defendant Pickarski was subject to the levy, the attorney for Pickarski, without the knowledge of Pickarski, paid to the plaintiff in the execution, Majchrowska, the amount of the judgment, interest and costs, and induced Majchrowska to assign the judgment to the defendant Heinz, who was a stenographer in the office of the attorney for Pickarski. The money for this payment was the money of the attorney and was paid to Majchrowska for the twofold purpose of preventing any of the money reaching the hands of the attorney for Majchrowska and also for the purpose of releasing the property of Pickarski from the levy under the execution and col-

lecting the judgment from the plaintiff railway company, the joint tort feasor and judgment debtor with Pickarski. After the assignment of the judgment to the defendant Heinz the execution was withdrawn and the property of the defendant Pickarski released from the levy; thereupon and on August 1, 1919, the attorney for Pickarski, acting for the defendant Heinz, procured a new execution to be issued upon the judgment directing a levy to be made thereunder upon the property of the plaintiff railway company, for the satisfaction of the judgment, money realized therefrom to be paid to the defendant Heinz. In pursuance of the execution the sheriff of Erie county levied upon the property of the plaintiff railway company, whereupon this action was commenced for relief. The question is whether, under the circumstances, the payment of the moneys by the attorney for Pickarski was a satisfaction of the judgment.

The law undoubtedly is that the payment of the amount of the judgment by one of two joint tort feasor judgment debtors to the judgment creditor is a payment by both joint tort feasors and satisfies the judgment. *Harbeck* v. *Vanderbilt,* 20 N. Y. 395; *Lillie* v. *Dannert,* 232 Fed. Repr. 104.

If the attorney for Pickarski had paid the money at the request of Pickarski the judgment undoubtedly would have been satisfied. *Gotthelf* v. *Krulewitch,* 153 App. Div. 746.

The attorney for Pickarski voluntarily paid the amount of judgment without knowledge of either judgment debtor and took an assignment to his stenographer. The fact of taking the assignment has been held to be evidence that the money was not paid in satisfaction of the judgment when the payment is made by a stranger not a party to the record. *Dow-*

*ling* v. *Hastings,* 211 N. Y. 202; *Harbeck* v. *Vander-bilt,* 20 id. 395.

There seems to be no question but that the attorney for Majchrowska could have withdrawn the execution against Pickarski and a levy have been made on that execution upon the property of the plaintiff railway company. It is only when one joint tort feasor judgment debtor pays the amount of the judgment that it is satisfied as to all defendants.

The reason that such a payment of money satisfies the judgment and cannot be the basis of an assignment, even though in fact an assignment be executed and delivered, is that the judgment, being a joint liability of the judgment debtors when owned by the judgment creditor, ceases to be a joint liability when owned by one of the joint judgment debtors. A judgment debtor could not own a judgment against himself. The owner of the fee cannot purchase, own and keep alive a mortgage upon his own land; the mortgage is merged in the fee and ceases to exist as a mortgage. The same theory destroys the judgment when a judgment debtor pays its amount and has it assigned to himself. As was said in *Harbeck* v. *Vanderbilt,* 20 N. Y. 397: " Where one of several defendants against whom there is a joint judgment, pays to the other party the entire sum due, the judgment becomes thereby extinguished, whatever may be the intent of the parties to the transaction. It is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment. If, therefore, in such a case, the latter take an assignment to himself, or, unless under special circumstances, even to a third person for his own benefit, the assignment is void and the judgment satisfied. It is equally clear, that if the money be paid, not by one who is a party to the judgment and liable upon

it, but by some third person, the judgment will be extinguished or not, according to the intention of the party paying. The taking of an assignment, whether valid or void, affords under all circumstances, unequivocal evidence of an intention not to satisfy the judgment.''

The mere fact that the attorney for one of the judgment debtors, unknown to his client, pays the amount of the judgment to the judgment creditor and takes an assignment of the judgment to a third person, is not proof that the judgment was intended to be satisfied; nor does the fact that the attorney for one of the judgment debtors had such an assignment made for the purpose of collecting the judgment from the other judgment debtor prove that the payment was made in satisfaction of the judgment.

A finding cannot be made on the record that it was intended by the attorney for Pickarski that the judgment would be satisfied by his payment to Majchrowska. It has long been the law that a stranger may purchase a judgment without notice to any party to it, and thus acquire all the rights of the judgment creditor.

The authority of an attorney for an unsuccessful defendant ceases with the entry of judgment against him. *Lusk* v. *Hastings,* 1 Hill, 656; *Cruikshank* v. *Goodwin,* 20 N. Y. Supp. 757; *Davis* v. *Solomon,* 25 Misc. Rep. 695. With no proof that the attorney who had acted for Pickarski up to the time of the entry of the joint judgment, acted as attorney for Pickarski or even sustained the relation of attorney to him at the time of making the payment, and with the unchallenged direct evidence that Pickarski furnished no part of the money, made no request that such money be paid and had no knowledge of the transaction, the presumption that such attorney acted as attorney of

23

Supreme Court, February, 1921.          [Vol. 114.

Pickarski cannot be indulged in. Upon the proofs presented, the inference that the attorney was not a stranger to the judgment at the time he paid the money and took the assignment does not arise. The defendants must have judgment dismissing the complaint.

Judgment for defendants.