[Civ. No. 6630. Second Appellate District, Division One.—September 15, 1931.]

AMANDA M. SALTER, Respondent, v. M. LOMBARDI et al., Defendants; RAYMOND LEWIS, Appellant.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Appellant.

R. Allen Bright for Respondent.

BISHOP, J., *pro tem.*—This is an appeal by defendant Lewis from an order requiring the clerk of the superior court (Los Angeles) to enter only partial satisfaction of a judgment outstanding against appellant and other defendants, based on their joint tort. Appellant sought to have full satisfaction entered, contending that the judgment had been completely satisfied by the act of his co-defendants'

counsel in buying up the judgment at its face value. Under the circumstances of this case we are of the opinion that the trial court's order denying full satisfaction should be affirmed.

With appellant's basic premise we are agreed, that the judgment is one against joint tort-feasors. His motion for full satisfaction was made in part upon the record and files of the action. This lays before us the findings of fact upon which the judgment was founded, where it is finally adjudicated, so far as this case is concerned, that "defendants *by themselves,* their agents, employees and servants" acted so negligently that plaintiff had judgment. In the face of this finding, plaintiff's successor in interest may not be heard to say that the tort was solely that of defendant Lewis, and that Lewis' co-defendants were liable only on the theory of *respondeat superior.* We must consider the judgment as one against tort-feasors.

So considered, certain principles become applicable. If appellant's co-defendants have, as he claims, paid the judgment, then it is paid for all purposes and he is released from liability as to it. (Civ. Code, sec. 1474.) If appellant's co-defendants have paid the judgment, they have no right to enforce contribution from appellant either directly (*Dow* v. *Sunset Tel. & Tel. Co.,* (1912) 162 Cal. 136 [121 Pac. 379]), or indirectly through the medium of an assignment taken in the name of a third party. (*Adams* v. *White Bus Line,* (1921) 184 Cal. 710 [195 Pac. 389].) A judgment founded on tort is assignable, however (*LaFleur* v. *M. A. Burns Lumber Co.,* (1922) 188 Cal. 321 [205 Pac. 102]), and the payment of the full amount of the judgment for an assignment will, without further explanation, be interpreted as a purchase and not as a satisfaction of the judgment. (*Williams* v. *Riehl,* (1899) 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762]; *National Bank of California* v. *Los Angeles Iron & Steel Co.,* (1906) 2 Cal. App. 659 [84 Pac. 466, 468]; *LaFleur* v. *M. A. Burns Lumber Co., supra; International Ry. Co.* v. *Pickarski,* (1921) 114 Misc. Rep. 349 [186 N. Y. Supp. 319].)

That in the instant case, as to at least one-half of the judgment, there was no payment by appellant's co-defendants, and that an assignment was taken which may be recognized without indirectly enforcing contribution between

joint tort-feasors, was the evident conclusion of the trial court. This conclusion finds sufficient support amidst the conflicts of the affidavits, so that it is controlling here. Taking the facts favorable to the court's ruling, we find that appellant's co-defendants filed a notice of appeal and an undertaking to stay execution against themselves only. Thereafter, it was discovered that their appeal had not been taken in time. His clients threatened with immediate demand that they pay the full judgment, counsel for the co-defendants advised them of the situation, took upon himself the blame for failing to appeal in time and made them this proposition: That if they would secure from some source one-half of the amount of the judgment, he himself would advance one-half and an assignment of the judgment would be taken in the name of a third party; whatever was secured from the levy of execution against appellant was to be held in trust by the assignee, first for the repayment to counsel of his advances; second, to repay those who put up the balance of the money. This plan was carried into execution; a corporation in which the co-defendants were the stockholders advancing their half, counsel making a personal loan to secure the fund he needed to make up the balance. The full judgment sum was paid plaintiff by a person who now appears plainly as a dummy for the parties, an assignment of the judgment being taken in his name. An attorney selected by the co-defendants' counsel was substituted for the attorney who had been representing plaintiff. From these facts it appears that the most that the appellant's co-defendants can be said to have paid on the judgment was one-half of the total amount, unless it must be held that counsel's payment was that of his client. But this is not established as the fact by the moving party. The money paid was not that of the client. It was not paid, so far as appears, under any obligation of law, nor in discharge of any obligation of contract. For this reason the case of *Adams* v. *White Bus Line, supra,* is not controlling, that being a case where the judgment was paid by an insurer of one of the judgment debtors. So far as is made to appear, counsel who made the payment did not, by doing so, secure a release from his client of any obligation he may have incurred for failure to appeal in time, although he may have put himself in a position to reduce the damage to his client incident to the

failure. So far as appears, therefore, counsel's payment was not, in any legal sense, a payment by or on behalf of his clients. It was not, then, their payment, but his. To allow him to keep alive a portion of the judgment that he may reimburse himself is not to enforce contribution from appellant to the co-defendants. The policy of the law seems to be not to protect one joint tort-feasor from the burden of the judgment, but rather not to aid one who has assumed the burden to reshift it to a co-wrongdoer. So far as appears in this action, there is no attempt to take a position which can result in shifting a burden from the shoulders of appellant's co-defendants, for the burden is not there.

The order appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.