[L. A. No. 24915.   In Bank.   May 9, 1958.]

THOMAS EISTRAT, Appellant, v. KARL A. CEKADA, Respondent.

290

Thomas Eistrat, in pro. per., for Appellant.

Samuel S. Adler for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant in an action for damages for the conversion of lumber taken from the plaintiff's property in Tulare County. The trial court held that the action was barred by the statute of limitations and the propriety of that ruling is the principal question for determination on the appeal.

On June 24, 1949, one Tom G. Jones filed a petition in bankruptcy in the United States District Court under chapter XI of the Bankruptcy Act. He claimed title to certain lumber and the right to operate a sawmill on the plaintiff's property free from interference by the plaintiff. He obtained an order from the referee in bankruptcy which provided as follows: "[A]ll persons be, and they hereby are, enjoined and stayed until final decree herein, from commencing or continuing any suit against Tom G. Jones, doing business as Jones Mill and Lumber Company, the above named debtor and the said Thomas Eistrat is further restrained and enjoined from interfering with the debtor in the possession of his property and in the operation of the debtor's mill and lumber business."

On July 15, 1949, the plaintiff's motion to dissolve the restraining order was denied but a surety bond was ordered in the plaintiff's favor to indemnify him against loss from the operations of the debtor.

On September 29, 1949, the plaintiff, joined by his wife Elma, filed a petition in the bankruptcy proceeding to reclaim the property here involved. Final action on that petition was postponed. In November 1949 the defendant Cekada paid the receiver in bankruptcy $588 for whatever right, title or interest the receiver had therein and took possession of the lumber in question. On April 25, 1951, the court again denied a motion by the plaintiff to dissolve the restraining order but did order the dissolution of that portion of the restraining

order which related specifically to the plaintiff's interference with the possession of the real property and the operation of the mill and lumber business thereon. Finally, on October 1, 1951, the plaintiff's petition to reclaim the property was granted and the restraining order dissolved in its entirety.

In making its order of October 1, 1951, granting the petition to reclaim and dissolve the restraining order, the bankruptcy court made findings from which it concluded that neither Tom Jones, the receiver in bankruptcy nor the trustee had any right, title or interest in the real property of the plaintiff or in "any of the logs, lumber or timber located thereon or removed from said real property"; that the trustee should deliver over to the plaintiff all proceeds from the sale of the lumber, "without prejudice to such right or rights as the [plaintiff] may have against such person or persons or any of them."

On November 28, 1951, after the dissolution of the restraining order, the plaintiff made a demand on the defendant for the return of the lumber. The demand was refused on December 10, 1951. The present action was commenced on September 30, 1954, which was within three years from and after the dissolution of the restraining order and of the demand and refusal.

The defendant's answer pleaded the three-year statute of limitations provided for in section 338, subdivision 3, of the Code of Civil Procedure. The trial court concluded that the restraining order issued in the bankruptcy proceedings merely restrained the plaintiff from commencing any action against the bankrupt Jones, and did not prevent the plaintiff from commencing an action against the defendant Cekada or against anyone other than the bankrupt. The court found and concluded that the defendant purchased the lumber in question from the bankrupt's estate on November 22, 1949, and that the plaintiff's cause of action arose on that date; that the plaintiff had knowledge thereof about December 1, 1949, and that the complaint filed on September 30, 1954, was barred by the three-year statute of limitations.

■ It is the general rule that such a cause of action accrues immediately upon the commission of the act of conversion. (*Bell* v. *Bank of California*, 153 Cal. 234 [94 P. 889]; *Rose* v. *Dunk-Harbison Co.*, 7 Cal.App.2d 502, 505-506 [46 P.2d 242].) Normally the statute of limitations begins to run at that time. (*Dillon* v. *Board of Pension Commrs.*, 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800].) ■ However, the running of the statute is suspended during any

period in which the plaintiff is legally restrained from taking action to protect his interests. (Code Civ. Proc., § 356; *Wolf* v. *Gall*, 174 Cal. 140, 145 [162 P. 115].)

█ Upon the filing of a petition in bankruptcy the bankruptcy court acquires exclusive jurisdiction over the bankrupt and his estate and may restrain any suit to recover a debt which might be dischargeable therein. (*Ex parte Baldwin*, 291 U.S. 610 [54 S.Ct. 551, 78 L.Ed. 1020]; *Jones* v. *Alton & S. R. Co.*, 5 F.Supp. 532.) █ In the present case the restraining order as above set forth prohibited all persons from commencing "any suit against Tom G. Jones" and further restrained the plaintiff specifically "from interfering with the debtor in the possession of his property. . . ." The intent of the first portion of the order is clear but the meaning of that portion which in broad general terms prohibited the plaintiff "from interfering with the debtor in the possession of his property" is not so explicit. However, in keeping with the power and purpose of the court to stay collateral proceedings in other courts pending the outcome in bankruptcy, it should be assumed that under the order the court would not condone the commencement of an action by the plaintiff against the receiver. It should also be assumed that the court intended that the commencement of any suit against an assignee of the receiver, in the discharge of his duties in bankruptcy, would constitute an interference with the debtor in the possession of his property. Just what conduct on the part of the plaintiff would constitute the prohibited interference is not as certain as it should be. But it is sufficiently certain to put the plaintiff on notice that a lawsuit against the bankrupt or anyone coming into possession of the bankrupt's assets in due course of the bankruptcy proceedings would be undertaken at the peril of probable sanctions for contempt. The plaintiff asserts that the several federal judges who presided at the various hearings in the bankruptcy proceedings construed the restraining order as preventing him from commencing an action while the order was in effect. He offered to prove at the trial of the present action that by resorting to the record in the bankruptcy proceedings he could conclusively demonstrate that he was prohibited from commencing the present action against the defendant Cekada until the restraining order should be dissolved.

The defendant contends that the second portion of the restraining order relates only to physical interference with the debtor's possession of the property involved, and that the

order of April 25, 1951, removed all physical restraint. That order provided that the restraining order "be and it hereby is dissolved insofar as it restrains or enjoins the said Thomas Eistrat from interfering with the debtor-bankrupt in the possession of the real property in the County of Tulare, State of California, and insofar as it restrains or enjoins Thomas Eistrat or Elma Eistrat from entering upon the said real property or interfering with the operation of the debtor-bankrupt's mill and lumber business on said real property." It is obvious that the order of partial dissolution did not remove all restraints imposed upon the plaintiff, but only those relating to the realty in Tulare County and to the operation of the sawmill located thereon. It did not allow the plaintiff generally to interfere "with the debtor in the possession of his property" as prohibited by the original order. The fact that it continued other restraints in effect could reasonably lead to the conclusion that those restraints were other than those relating to mere physical possession. In any event the order of April 25, 1951, served to make the meaning of the basic order all the more uncertain.

The plaintiff's offer of proof from the record in the bankruptcy proceeding as to the interpretation and application of the restraining order in that proceeding was rejected on the ground that the order was clear and unambiguous on its face and that it did not require a reference to extrinsic evidence to determine its meaning. The plaintiff claims that the court's refusal to admit his evidence was prejudicially erroneous. This contention must be sustained.

Finally, the plaintiff contends that the defendant failed to comply with statutory procedures in filing his cost bill. Since the judgment must be reversed the order for costs will likewise stand reversed. The item of costs on trial will therefore await a further determination in the case.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.