[Civ. No. 24044. Second Dist., Div. Three. May 18, 1960.]

THOMAS EISTRAT, Appellant, v. J. C. WATTENBARGER AND SONS (a Partnership) et al., Defendants; J. C. WATTENBARGER AND SONS (a Corporation) et al., Respondents.

[Civ. No. 24045. Second Dist., Div. Three. May 18, 1960.]

THOMAS EISTRAT, Appellant, v. WILLIAM F. SCHUL-THEIS et al., Respondents.

Thomas Eistrat, in pro. per., for Appellant.

Tom G. Jones, in pro. per., for Respondents.

VALLÉE, J.—Appeals from separate judgments for defendants in two actions for damages for the alleged conversion of lumber from plaintiff's property in Tulare County. The actions were consolidated for trial and for decision here.

On August 2, 1948, plaintiff entered into an agreement with Jones Lumber and Mill Company, a copartnership consisting of defendant Tom G. Jones, Danny R. Jones and Clovis Jones, under the terms of which the partnership agreed to cut and pay a specified price prior to October 1, 1950, for all merchantable timber from about 160 acres of timberland owned by plaintiff and his wife. The partnership entered upon the property about August 6, 1948, moved a small mill thereon, and proceeded to cut lumber.

On October 10, 1948, plaintiff served the partnership with a written notice of rescission, claiming default in the terms of the contract.

On June 21, 1949, the partnership assigned all of its assets to defendant Tom G. Jones. On June 24, 1949, Jones filed a petition in bankruptcy in the United States District Court under chapter XI of the Bankruptcy Act. On September 29, 1949, plaintiff, joined by his wife, filed a petition in the bankruptcy proceeding to reclaim the property here involved. About October 30, 1949, Jones was adjudged bankrupt.

In the course of the bankruptcy proceedings the receiver sold lumber cut by Jones to defendant Wattenbarger for $425.96. Later the trustee filed a petition requesting that defendant Schultheis be directed to turn over 10,683 board feet of lumber to the bankrupt's estate. Notice of hearing was personally served on Schultheis and he was represented by counsel at a hearing on May 5, 1950. The referee found: at the time of the first meeting of creditors and appointment of the receiver (September 9, 1949), Schultheis had 10,683 board feet of lumber belonging to the estate in his possession or under his control; after notice of demand to turn over the lumber to the receiver he sold it; the value of the lumber was $640. The order of the referee, issued May 31, 1950, directed Schultheis to pay $640 to the trustee. No appeal was taken.

On September 26, 1951, the United States District Court made an order granting plaintiff's petition to reclaim the property. The court found there had been a continuing viola-

tion since the first week of August, 1948, successively by the partnership, defendant Jones, the receiver and the trustee, of a condition in the contract of August 2, 1948, which required compliance with California state laws and California and United States Forestry Service rules and regulations pertaining to logging. The court further found that any default in performance of other terms and conditions of the contract had been waived by plaintiff and his wife by acceptance of payments for lumber cut and logged with knowledge of the delinquency of the partnership and the bankrupt in the performance of the contract. The court held that all rights of the partnership were terminated on October 10, 1948, by the rescission of plaintiff and his wife; that neither the partnership, Jones, the receiver, nor the trustee had any right, title, or interest in, to, or against plaintiff's real property or any of the logs, lumber, or timber located thereon or removed therefrom. The court ordered the trustee to deliver to plaintiff the real property and all logs, lumber, and timber located thereon, the proceeds from the sale of portions of the lumber, and any claims the trustee had against others arising from transfer of logs or lumber felled on the real property, "without prejudice to such right or rights as the petitioners may have against such person or persons or any of them." Thereafter plaintiff made demands on defendants Schultheis and Wattenbarger for the return of the lumber. The demands were refused and the present actions followed.

These actions are two of several brought by plaintiff against various parties on the basis of claims they converted portions of the lumber cut from the property. (See *Eistrat* v. *Brush Industrial Lumber Co.*, 124 Cal.App.2d 42 [268 P.2d 181]; *Eistrat* v. *Western Hardwood Lumber Co.*, 164 Cal.App.2d 374 [330 P.2d 629]; *Eistrat* v. *Cekada*, 50 Cal.2d 289 [324 P.2d 881].)

In the present actions the court found: sometime in the latter part of August or in early September, 1949, defendant Jones cut timber and logs from the property which amounted to 10,649 board feet of lumber when milled; he shipped the lumber to Schultheis, doing business under the firm name of Sunset Cabinet Shop; the lumber was "substantially mismilled" and unsuitable for the purposes intended by Schultheis and he refused to accept it; the lumber was dumped at a lumber yard nearby where it remained for three to six weeks, suffering further deterioration; on September 19, 1949, the receiver in bankruptcy sold it for $425.96 to defendant Wat-

tenbarger who took possession of it; the $425.96 was paid by the receiver to plaintiff; $425.96 equalled or exceeded the reasonable market value of the timber and logs from which the lumber was derived at the time the timber and logs were cut. The court also found that about July, *1948*, Schultheis had purchased from Jones and paid for certain lumber, which lumber was not the property of plaintiff. The judgments were that plaintiff take nothing in either action.

A certified copy of the order of the referee which directed that Schultheis pay $640 to the bankrupt's estate for lumber which he had obtained was received in evidence. Plaintiff claims the order adjudicated the identical issue at bar as to whether Schultheis took and kept the lumber. He contends it was error for the court to allow Schultheis to testify he did not accept the lumber, thus permitting a collateral attack on the order of the bankruptcy court.

 The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is, in all subsequent actions, conclusive of the rights of the parties thereto and of their privies on all material issues which were or might have been determined. (*French* v. *Rishell,* 40 Cal.2d 477, 479 [254 P.2d 26]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d 835]; *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 58 [183 P.2d 312].) The application of the principle in a given case depends upon affirmative answers to these questions: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892]; *Dillard* v. *McKnight, supra,* 214; *Citizens Nat. T. & S. Bank* v. *Hawkins,* 87 Cal.App.2d 535, 541 [197 P.2d 385]; *Estate of Eaton,* 38 Cal.App.2d 180, 182-184 [100 P.2d 813].)

 The order directed to Schultheis included a finding that he had 10,683 board feet of lumber in his possession which belonged to the bankrupt's estate. It did not include a finding as to when he obtained the lumber, or when the logs from which the lumber was derived were cut. The issue litigated in the bankruptcy proceeding to which Schultheis was a party was whether Schultheis held property belonging to the bankrupt's estate; the issue in the present action was whether the lumber

covered in the order of the United States District Court was the same lumber that plaintiff alleged had been converted. If the lumber plaintiff claimed had been converted was not the lumber covered in the bankruptcy proceeding and, as Schultheis claimed, was different lumber which never came into his possession, the order of the United States District Court was not res judicata. Whether the lumber was the same and whether Schultheis received the lumber plaintiff claimed had been converted were questions of fact. As stated earlier, the trial court found Schultheis did not receive the lumber plaintiff claimed had been converted.

A finding supporting the order of the United States District Court on plaintiff's petition to reclaim was that Jones logged and milled in excess of 263,360 board feet of timber from the property during the bankruptcy proceedings and that the trustee had in his possession an account receivable resulting from his sale of a portion of that timber sold to Sunset Cabinet Shop. That finding, however, does not bind Schultheis. He was not a party to that proceeding. ■ As said in *Eistrat* v. *Brush Industrial Lumber Co.*, 124 Cal.App.2d 42 (p. 45) [268 P.2d 181]:

"The rule is established in California that a party to an action is not bound by the judgment in a prior proceeding, and the doctrine of res judicata does not operate as an estoppel, unless he was a party or privy to such prior action and the identical issue raised in the subsequent proceeding was determined in the previous case."

■ Plaintiff contends Schultheis admitted in a pretrial conference order of January 9, 1957, and in his motion for summary judgment that he accepted the lumber which belonged to plaintiff. The record does not show an order of that date. It includes an order filed May 13, 1958, entitled "Consolidated Pre-Trial Conference Order" which recites consolidation of the two actions and states: "It appears to the court from the conference that the matter is not ready for a pretrial conference. . . ." The order reset the trial date for September 15, 1958, and stated it had been stipulated by counsel for defendants that plaintiff might file amendments to the two complaints and that all of the allegations in the amendments might be deemed denied by defendants without further pleading. The record shows that amended complaints were filed on September 10, 1958. Plaintiff alleged in his amended complaint against Schultheis that more than 12,000 board feet of lumber were cut by Jones and delivered to Schultheis. In view

of the stipulation that all allegations of the amended complaint be deemed denied, plaintiff may not assert that a prior pretrial conference order not in the record settled the issue of Schultheis' receipt of the lumber. ▮ In reference to the motion for summary judgment, plaintiff calls attention to the record showing the memorandum of points and authorities in support of the motion of Schultheis for a summary judgment in which the following statement was made: "In both cases the defendants purchased lumber from the receiver in bankruptcy more than (3) years prior to the institution of the plaintiff's Superior Court action for conversion." The statement points out the similarities between the allegations of fact made in *Eistrat* v. *Cekada*, 50 Cal.2d 289 [324 P.2d 881], and those in the case against Schultheis. It does not deal with the merits of the action but merely with allegations of the pleadings. Plaintiff's contention that he had a right to rely on either the pretrial conference or the motion for summary judgment as conclusive that Schultheis accepted lumber which belonged to plaintiff is untenable.

▮ Plaintiff contends the findings are unsupported by the evidence in that the court found Wattenbarger received only one load of lumber. He says the evidence showed: Wattenbarger took and received two loads of lumber; the court should have found Wattenbarger converted both loads; he (plaintiff) received payment from the receiver for only one load; and he should have been awarded judgment for the other load. Plaintiff's brief does not comply with the rules governing his claim. There are no references to the transcript to support his assertions with respect to the evidence on this point. Rule 15(a) of the Rules on Appeal requires: "The statement [in a brief] of any matter in the record shall be supported by appropriate reference to the record." (50 Cal.2d 16.) ▮ It is well established that a reviewing court starts with the presumption the record contains evidence to sustain every finding of fact. ▮ It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. (*Tesseyman* v. *Fisher*, 113 Cal.App.2d 404, 407 [248 P.2d 471].) ▮ This court is not advised by reading plaintiff's brief where the evidence may be found to support his contention. It would require this court to search more than 400 pages of the reporter's transcript to see if there is any evidence to support his claim. (*Grayson* v. *Grayson*, 132 Cal.App.2d 471

[282 P.2d 565].) We have neither the time nor the inclination to do so.

Other points do not require discussion.

The judgment in each action is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied June 14, 1960, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1960.