[Civ. No. 6350. Fourth Dist. Nov. 30, 1960.]

LUIS MARTINEZ, Plaintiff and Respondent, v. KENNETH J. DE LOS RIOS, Appellant; U. S. BENTONITE COMPANY (a Copartnership) et al., Defendants and Respondents.

David M. Zerner for Appellant.

Willedd Andrews and J. Edward Haley for Respondents.

SHEPARD, J.—This is an appeal from an order after final judgment denying appellant's motion for entry of full satisfaction of judgment. The facts as shown by the record before us are as follows: Appellant and respondents on this appeal are all defendants in the above entitled action. Judgment was rendered against all of them for damages on account of their tortious trespass on, conversion of ore from, and injury to certain mining property owned by plaintiff Martinez. (See *Martinez* v. *De Los Rios*, 165 Cal.App.2d 102 [331 P.2d 724], for greater detail.)

In the complaint appellant and respondents herein were all charged as defendants with having done the acts complained of "willfully and maliciously and with intent to injure the plaintiff." Plaintiff prayed for punitive damages. This allegation was placed in issue and the whole cause, including this issue of willful, malicious and intentional injury was tried on its merits. The trial court found against respondents herein on this issue of willful injury, the findings in this respect being as follows:

"The acts of defendants U. S. Bentonite Company, a co-partnership, Walter O. Heinze, Andy McGehean and Willedd Andrews were done maliciously, willfully and oppressively, with full knowledge that injury would be done to plaintiff, and with full and entire knowledge of plaintiff's claims and rights in the premises, at the time of the unlawful entry."

On the same issue, the finding was in favor of appellant herein. Based on the finding that these respondents were guilty of intentional and willful injury, the trial court included in the judgment an order for exemplary damages against these respondents, but refused to do so as against this appellant. On appeal, this court modified the judgment by increasing the allowance of exemplary damages, but otherwise affirmed the judgment. The judgment is now final.

In the verified declaration in support of the motion for entry of satisfaction of judgment, it is stated that shortly after the judgment became final, respondents herein paid to plaintiff the full amount of the judgment and demanded and received a purported assignment thereof, and that plaintiff has refused to give proof of or to enter full satisfaction of

said judgment. Respondents' verified declaration does not deny this statement. In substance, respondents' declaration completely supports the declaration of appellant, for respondents' declaration states: "The U. S. Bentonite Company paid the plaintiff in cash the sum of $18,000.00 with interest from date of the judgment, totalling approximately $22,000.00."

At another point in respondents' declaration it is again stated: "The assignment of judgment in the above entitled action was received from the plaintiff, Luis Martinez, and the consideration for said assignment on file in the above entitled action was the sum of approximately $22,000.00, paid by the U. S. Bentonite Company to the plaintiff, Luis Martinez."

However, in addition to the foregoing, respondents' declaration seeks to set up certain extraneous material by which it is sought to show that appellant received certain benefits from the sale of ore, subject of this action, without properly accounting to respondents therefor; that in another action in another department of the trial court, regarding the operation of some of the claims herein involved as well as several other claims not here under litigation, the trial court in that other action ordered stricken from the files a supplemental complaint wherein appellant herein sought, in that other action, to plead the judgment herein as a partial bar to these respondents' claims in that other action. (*Kenneth J. De Los Rios* v. *U. S. Bentonite Co.*, Superior Court, San Bernardino County, No. 89546.) What judgment was ultimately rendered in said action No. 89546 is not shown by the record nor recited by respondents' declaration. Respondents, by their declaration, also attempted to bring in evidentiary material heard by the trial court in the present action in an attempt to refute the correctness of the finding resulting in the final judgment in this action.

### INTENTIONAL INJURY BY RESPONDENTS
### HEREIN IS RES JUDICATA

First we must remember that these findings by the trial court that respondents herein were in this case guilty of willful and intentional injury to plaintiff and the judgment for punitive damages are res judicata on the subject. Respondents could not properly place in review the old evidence, nor bring in evidence *dehors* the record to show that the judgment should have been different. No direct attack was made on the finding or judgment. No effort nor motion of any kind was made to set aside the findings or the judgment for either

intrinsic or extrinsic fraud. Respondents and appellant were all parties to this action, all participated in the trial, all pleaded to the issue of intentional injury, and all are parties to the final judgment. Thus, no question of privity is presented. The issue of intentional injury by respondents was squarely within the issues of the cause and the decision on that issue was necessary to the rendition of the very judgment we are here concerned with. The decision was, in fact, made and was incorporated in the findings and carried into the judgment in the form of exemplary damages against respondents.

As was said in *Bernhard* v. *Bank of America,* 19 Cal. 2d 807, 810 [1] and 813 [5] [122 P.2d 892] :

"The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action."

"In determining the validity of a plea of res judicata, three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

In *Dillard* v. *McKnight,* 34 Cal.2d 209, 214 [3] [209 P.2d 387, 11 A.L.R.2d 835], the court again said: "But the application of the principle of res judicata in a given case depends upon an affirmative answer to these three questions: Was the issue decided in the prior adjudication identical with the one presented in the subsequent litigation? Was there a final judgment on the merits? Was the party against whom the principle is invoked a party or in privity with a party to the prior adjudication?"

In *Shore* v. *Shore,* 43 Cal.2d 677, 681-682 [7-8] [277 P.2d 4], it is said: " '. . . It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. [Citations.] And even though the cause of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties as to that issue and every matter which might

have been urged to sustain or defeat its determination. . . .' "
See also *Estate of Bialy,* 169 Cal.App.2d 479, 490 [1-3] [337 P.2d 511]; *Eistrat* v. *J. C. Wattenbarger & Sons,* 181 Cal. App.2d 57, 61 [1, 2] [5 Cal.Rptr. 77].

Prior to January 1, 1958, with certain equitable exceptions we are not here concerned with, there was no right of contribution between joint tortfeasors whether it was intentional injury or not. (*Adams* v. *White Bus Line,* 184 Cal. 710, 712 [3] [195 P. 389]; *Sullivan* v. *City & County of San Francisco,* 95 Cal.App.2d 745, 755 [214 P.2d 82].)

Respondents' declaration contended that appellant has retained certain profits from the mining operations subject of the judgment in this case, and that therefore this is a proper case for application of an equitable exception to the rule against contribution. That is a question of contractual rights between the parties that should be adjudicated on the merits in a separate action.

### INTENTIONAL INJURY TORTFEASORS HAVE NO RIGHT OF CONTRIBUTION

While some equitable exceptions have been recognized, as is pointed out in *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 431 [17] [260 P.2d 55], none have been cited and we have found none which go so far as to allow a person whose intentional injury of another has been the subject of full trial on the merits, has had the issue of intentional injury decided against him by final judgment, to then go back into the very evidence adjudicated and attempt to use it to refute the correctness of that adjudication, nor have respondents cited any authorities applying an equitable exception to intentional injury cases at all regarding the rule against contribution. As was said in Prosser on Torts, 1941 edition, page 1117, "As to wilful wrongdoers, or those who are guilty of flagrantly wrongful conduct, there is no indication of any desire or tendency to relax the original English rule."

In the case here at bar, we have payment in full by a tortfeasor who has been held in a final judgment to have been an intentional wrongdoer. Section 875 of Code of Civil Procedure, which went into effect January 1, 1958, now allows contribution, but only as to negligent tortfeasors. Paragraph (d) of that section provides: "There shall be no right of con-

tribution in favor of any tortfeasor who has intentionally injured the injured person."

This statement is unequivocal. It makes no provision for equitable or other exceptions. It is a flat legislative fiat recognizing and putting into plain language the rule referred to by Professor Prosser, above quoted, which rule has been recognized uniformly in all jurisdictions. We have no reason to suppose that the Legislature did not mean what its plain language imports. Said paragraph (d) of section 875 clearly denies the right of contribution to "any tortfeasor who has intentionally injured the injured person."

### Assignment to Tortfeasor Will Not Keep Alive a Paid Judgment

 Respondents here were adjudicated in a final judgment, to have intentionally injured the plaintiff. They cannot be allowed to defeat the clear purpose of said section by the subterfuge of assignment. As was said in *Adams* v. *White Bus Line, supra,* 713:

" 'Where one of several defendants against whom there is a joint judgment pays to the other party the entire sum due, the judgment becomes extinguished, whatever may be the intention of the parties to the transaction. It is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment. If, therefore, in such a case, a party take an assignment to himself, or, unless under special circumstances, to a third person for his own benefit, the assignment is void and the judgment is satisfied.'

"Where one of several joint wrongdoers pays a judgment obtained against them all, he acquires no right of contribution by taking an assignment of the judgment in the name of a man of straw."

In *Smith* v. *Fall River Joint Union High School District,* 1 Cal.2d 331, 338-339 [34 P.2d 994], the court said: " '. . . Where the right of subrogation exists an assignment is unnecessary, for that is supplied by equity; but here there was no right of subrogation, and no additional right accrued by reason of the assignment of the judgment.'

"The judgment having been paid by the appellant under the circumstances shown above, such payment operated as a complete satisfaction thereof as to the other defendant, the respondent herein. Respondent was therefore entitled to an entry of satisfaction."

The authorities cited by respondents (*Salter* v. *Lombardi*, 116 Cal.App. 602 [3 P.2d 38] (assignment as security for loan by third party) ; *Pacific Gas & Elec. Co.* v. *Nakano*, 12 Cal.2d 711 [87 P.2d 700, 121 A.L.R. 417] (interpleader before payment of judgment with no objection from judgment debtor) ; *Bias* v. *Ohio Farmers Indemnity Co.*, 28 Cal.App.2d 14 [81 P.2d 1057] (assignment to third party who recovered from insurance carrier) ; *William* v. *Riehl*, 127 Cal. 365 [59 P. 762, 78 Am.St.Rep. 60] (judgment on bond of defaulting guardian)) are clearly distinguishable, as in each of those cases the assignor had a separate property right, right of assignment, or an already existing right of contribution.

The order appealed from is reversed, and the trial court is directed to enter an order satisfying the judgment in full.

Griffin, P. J., and Coughlin, J., concurred.