Filed 11/16/15  Miller v. Clark CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| IRWIN R. MILLER,<br><br>    Plaintiff, Cross-defendant and Respondent.<br><br>v.<br><br>EDWARD L. CLARK, JR.,<br><br>    Defendant, Cross-complainant and Appellant, | 2d Civil No. B258311<br>(Super. Ct. No. 56-2011-00407071-CU-BC-VTA)<br>(Ventura County) |

In this dispute over expert witness fees, Edward L. Clark appeals a judgment after a court trial on a claim for declaratory relief and a jury trial on legal claims.  Clark contends the trial court abused its discretion when it denied his motions in limine, denied his motion for nonsuit after opening statement, denied his motion for directed verdict on the attorney's misrepresentation claims, did not conduct an evidentiary hearing about a witness's absence, responded to a juror's question about calculating damages, denied his motion for new trial or additur, and did not award him costs pursuant to Code of Civil Procedure section 998.[1]  We affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

BACKGROUND

Irwin R. Miller and his law firm retained Clark as an electrical engineering expert witness in a personal injury case against Southern California Edison (SCE). Miller and Clark did not reduce their agreement to writing. Clark billed Miller for more than $95,000 in professional fees. Miller paid the first $17,500 billed, but objected to subsequent bills.

Miller and Clark were unable to resolve their disagreement. Miller filed this action for declaratory relief. He alleged that Clark billed for services he did not perform. Miller asked the court to determine if the parties have a valid contract and "what monies, if any, are owed [to Clark]."

Clark responded with a cross-complaint against Miller and Miller's colleague, Susana Goytia-Miller.[2] After two amendments, Clark's cross-complaint asserted causes of action for breach of oral contract, money had and received, account stated, open book account, services rendered, negligent misrepresentation, intentional misrepresentation, and fraud in the inducement. Miller amended his complaint to add claims for negligent and intentional misrepresentation.

Pursuant to section 998, Miller offered Clark $25,000. Clark rejected the offer. The trial court awarded Clark $30,222.50 for unpaid professional fees on the declaratory relief action and neither party prevailed on other claims.

Trial was bifurcated. The parties agreed that a jury would hear the legal claims while the trial court heard the claim for declaratory relief. The court declared the existence of a valid contract, and asked the jury for an advisory opinion on what money is owed to Clark. The jury responded that Miller owes Clark between $10,000 and $50,000. On the legal claims, it found that neither Clark nor Miller proved misrepresentation, and it rejected Clark's claim that he lost $130,000 in profits because this litigation interfered with his ability to work. In determining the amount owed to Clark, the court considered

_____

[2] Miller filed the action on behalf of his law firm, Irwin R. Miller, a Professional Corporation. Clark cross-complained against the firm and against Miller and Goytia-Miller individually.

2

the jury's advisory range and the evidence presented at trial. It found Clark's claim that $78,000 remained due was "substantially discredited."

The trial court ordered the parties to pay their own costs. It found that neither party prevailed.

DISCUSSION

The superior court's decisions are presumptively correct. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563) It is appellant's burden to demonstrate prejudicial error on an adequate record. (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Clark's appendix is incomplete and his brief contains few citations to the record. Any reference to fact, "at any point in the brief," must be supported by citation to the record. (*Sky River LLC v. County of Kern* (2013) 214 Cal.App.4th 720, 741; Cal. Rules of Court, rule 8.204(a)(1)(C).) We start with the presumption the record contains evidence to sustain every finding of fact. (*Eistrat v. J.C. Wattenbarger & Sons* (1960) 181 Cal.App.2d 57, 63.) We do not search the record for evidence that might rebut this presumption. (*Ibid.*)

*A. Motions in Limine*

The trial court did not abuse its discretion when it denied Clark's motions in limine.

In the underlying action, SCE prevailed. It paid its experts $20,000. Clark charged Miller more than $95,000 in the same case. Clark moved in limine to preclude Miller from offering evidence of SCE's expert fees, specifically the testimony of its fire expert, Thomas Fee. Clark argued that the evidence is irrelevant and Fee is not qualified to testify about the work of an electrical engineer such as Clark.

Clark does not cite any ruling in support of his argument. He cited to his motions by exhibit tab only. (*SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 552 [citations that refer to appendix insert tabs only violate California Rules of Court, rule 8.204(a)(1)(C)].)

Our own review of the record discloses no error. The trial court conducted a hearing pursuant to Evidence Code section 402 before it allowed Fee to testify. The

3

testimony had a tendency in reason to prove or disprove the reasonableness of Clark's fee claim. The trial court properly considered the experts' relative qualifications in determining the weight to afford Fee's testimony. It instructed the jury to do the same. The court did not abuse its discretion when it denied Clark's motions in limine concerning SCE's experts.

### *B. Motion for Nonsuit*

After Miller's opening statement, Clark moved for nonsuit on Miller's misrepresentation claims because, he argued, Miller did not identify sufficient evidence in support. A motion for nonsuit after opening statement is authorized, but it is disfavored. (§ 581c; *Sturgeon v. Curnutt* (1994) 29 Cal.App.4th 301, 305.) On review of the order denying Clark's motion, we assume Miller could have proved all favorable facts alleged. (*Cooper v. State Farm Mutual Automobile Ins. Co.* (2009) 177 Cal.App.4th 876, 891.) Miller identified evidence in his opening statement that could prove Clark fraudulently billed Miller for work Clark did not perform. The trial court did not err when it denied Clark's motion for nonsuit.

### *Motion for Directed Verdict*

The trial court did not err when it denied Clark's oral motion for directed verdict on Miller's misrepresentation claims after Miller rested his case. Clark argued the claims were unproven because Clark did not testify about his intent. We uphold denial of the motion for directed verdict if the verdict is supported by substantial evidence, no matter how slight. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.) Substantial circumstantial evidence supported Miller's misrepresentation claims. As the court explained to Clark, fraudulent intent must often be proven by circumstantial evidence. (See *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1183.)

Clark complains that the trial court delayed before ruling on his motion. He demonstrates no prejudice resulting from delay.

4

*Witness's Absence*

Clark contends that Miller instructed his colleague, Goytia-Miller, not to appear in response to Clark's trial subpoena. Clark also contends the trial court tried to coerce him to waive jury in order to present Goytia-Miller's testimony. We reject the claims.

Clark does not support his contentions with citation to the record. He does not demonstrate that the witness was under subpoena, that Miller instructed her not to appear, or that the trial court coerced him. (*Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846 [statements not supported by citation to the record will be disregarded]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [failure to provide an adequate record on an issue mandates an adverse ruling].)

The trial court did indicate before trial that it would exclude Goytia-Miller's testimony from a jury trial pursuant to Evidence Code section 352, but would allow the testimony in a court trial.[3] This does not demonstrate abuse of discretion. Considerations of time consumption differ between a jury and court trial, and Clark has not demonstrated that Goytia-Miller's testimony had any probative value.

*Jury Instruction, Declaratory Relief*

Clark contends the trial court abused its discretion by creating a special jury instruction for declaratory relief. Clark does not support his argument with any citation to the record.

The record discloses no error. The trial court decides a claim for declaratory relief. (§ 1060.) It may award monetary relief. (*Bertero v. National General Corp.* (1967) 254 Cal.App.2d 126, 147 ["A court of equity is empowered, under appropriate conditions, to award damages along with declaratory relief"]; *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 608 [same].) The court may

---

[3] A minute order dated December 11, 2013, states that the parties "confer[red] re the procedural issues of non-appearance of cross-defendant Susana Goytia-Miller . . . . The court directs the testimony of Susana Goytia-Miller is excluded under [Evid. Code, § 352], unless [Clark] releases the jury from service."

proceed before a jury hears legal claims, and may do so with or without an advisory jury. (*Raedeke v. Gibraltar Sav. & Loan Assn.* (1974) 10 Cal.3d 665, 671.) Here, the trial court first declared the contract was valid and enforceable. The court then instructed the jury to decide the legal claims and to advise it on the amount owed to Clark. In response to a question, the court told the jury that a range of damages would be acceptable. The jury advised that Miller owed no less than $10,000, but no more than $50,000. Considering the jury's advice and the evidence, the court declared that Miller owes Clark $30,222.50. The procedure was authorized and the award is supported by substantial evidence.

## Motion for Additur or New Trial

Clark contends that the trial court abused its discretion when it denied his motion for additur or new trial. He does not support his argument with any citation to the record or explain the reasons for his contention.

Our review discloses that Clark moved for additur or new trial on the ground that damages were inadequate, among other things. (§§ 657, subd. 5, 662.5, subd. (a).) He argued the trial court should have instructed the jury that damages were $76,500 or nothing and that the court's damage calculation was based on speculation about what the jury thought and on an arbitrary formula. The court did not abuse its broad discretion to determine whether grounds exist to grant a new trial. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859.) Its determination of the reasonable value of Clark's services is supported by substantial evidence in the record.

## Recovery of Costs

Clark contends the trial court erred when it did not award him costs because he obtained an award $5,000 more favorable than Miller's offer under section 998. Clark does not support his contention with any citation to the record.

The trial court's statement of decision does acknowledge that Clark obtained an award greater than Miller offered. But section 998 does not authorize an award of costs to a defendant who rejects and then beats a plaintiff's offer.

The trial court acted within its discretion when it determined there was no prevailing party. Neither party obtained relief on their tort claims. Clark lost about $48,000 in claimed fees and did not recover on his claim for lost profits, while Miller was ordered to pay $5,000 more than he conceded he owed to Clark.

DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

7

Phillip Argento, Judge

Superior Court County of Ventura

_____

Edward L. Clark, Jr., in pro. per., for Defendant, Cross-Complainant and Appellant.

Law Offices of Daniel S. Miller, Daniel S. Miller for Plaintiff, Cross-Defendant and Respondent.